UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PATRICIA DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-01689-RLY-MJD |
| | ) | |
| WONDERAMA TOYS, an Indiana | ) | |
| undetermined business entity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Selected Matters**

Courts always have jurisdiction to, at the very least, determine their own jurisdiction. *See, e.g., Ceta v. Mukasey,* 535 F.3d 639, 646 (7th Cir. 2008). A spate of filings has required that determination in this case. What the court has determined, as explained in this Entry, is that its jurisdiction ended upon the filing of a notice of dismissal and that pending motions must be denied as moot or, with one exception, as without merit.

**I.**

A "party" is "[o]ne by or against whom a lawsuit is brought." *United States ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)(citing Black's Law Dictionary 1154 (8th ed. 2004)). To make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion. *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005). Adding a new party, which is what the plaintiff seeks to do, requires leave of court. *Williams v. United States Postal Service,* 873 F.2d 1069, 1073 n.2 (7th Cir. 1989) (citing *La Batt v. Twomey,* 513 F.2d 641, 651 n.9 (7th Cir. 1975)). At this point, at least, leave of court for that purpose has not been granted.

## II.

The central conclusion from the principles recited in Part I of this Entry is this: 3SB, LLC is not among the defendants in this action.

The facts supporting this conclusion are each demonstrated by the filings. Specifically:

- The plaintiff decided who to sue and what claims to assert. *Myles,* 416 F.3d at 552 (noting that the composition and content of an amended complaint are entirely the responsibility of the plaintiff).

- The complaint was filed on December 23, 2010.

- One of the three defendants named in the complaint was: "Wonderama Toys an undetermined business entity with its principal place of business at 815 Fox Hill Court, Anderson, Indiana 46011."

- 3SB, LLC is not and never has been a party to this dispute. There were only four named parties to this suit: Wonderama Toys, Rainbow's End Collectibles, Mattel Corp., and Hard Rock Café, Inc. As such, 3SB, LLC cannot file an answer on behalf of Wonderama Toys, much less make a counterclaim absent a motion to intervene or stipulation of the parties approved by the court. Neither exists.

- 3SB, LLC appeared in this action and has presented or filed various documents, including an answer and a counterclaim. If 3SB is not a defendant, however, these filings are of no effect. As explained above, 3SB is not a named party. 3SB, LLC did not, moreover, file a motion to intervene. 3SB, LLC suggests that it is the real party in interest and that it could therefore proceed as such. In the circumstances presented here, this argument is too much of a stretch. The epigram attributed to Abraham Lincoln was recently highlighted in an opinion by Chief Judge Easterbrook: "Abraham Lincoln once was asked how many legs a donkey has if you call its tail a leg. His answer was four: calling a tail a leg does not make it one." *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.,* 2011 WL 6382203 (7th Cir. Dec. 16, 2011).

**So it is here: Calling Wonderama 3SB, LLC does not make it so, particularly without the formalities of intervention or substitution.**

### III.

Pursuant to Rule 41 of the *Federal Rules of Civil Procedure*, a plaintiff has an absolute right to dismiss a case voluntarily by notice at any time before an answer or a motion for summary judgment has been filed, and the notice is effective upon filing to close the case without the necessity of judicial action. *See* **Fed.R.Civ.P. 41(a)(1)(A)(i)**; *Smith v. Potter,* 513 F.3d 781, 782-83 (7th Cir. 2008); *Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885, 889 (7th Cir. 1972) (quoting *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963)); 9 Charles Alan Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2363 (3d ed. 1998 & Supp. 2009) ("[T]he notice is effective at the moment it is filed with the clerk. . . . No order of the court is required and the district judge may not impose conditions.") (footnote omitted) (collecting cases).

The central conclusion recited in Part II of this Entry leads to a cascade of rulings:

1. Filings by 3SB, LLC were and are of **no effect**.

2. The plaintiff's notice of dismissal was effective when filed.

3. Once the action was concluded, there was no longer a case or controversy and the court lacked jurisdiction over the claims. *Williams v. Ezell,* 531 F.2d 1261, 1264 (5th Cir. 1976) (once plaintiff voluntarily dismissed case under Rule 41(a)(1), case was terminated and court "had no power or discretion" to rule on substantive motion filed after dismissal). Even if 3SB, LLC's filing of May 3, 2011, could be treated as a request to intervene, moreover, such a request "does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B)." *Fort Sill Apache Tribe of Oklahoma v. U.S.,* 2008 WL 2891654, *1 (W.D.Okla. July 23, 2008)(citing 8 *Moore's Federal Practice,* § 41.33[5][c][H], "[a] motion to intervene should not affect the plaintiff's right to dismiss as of right.").

4. Wonderama Toys' motion for summary judgment [39] and motion for leave to file surreply in opposition to various motions [52] are each **denied as moot**. *Duke Energy Trading and Marketing, L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.").

5. The plaintiff's motion to strike the answer/counterclaim filed by non-party 3SB, LLC [41] is **granted**. *Id.*

6. The plaintiff's motion to dismiss the answer/counterclaim of non-party 3SB, LLC for lack of subject matter jurisdiction [42] is **granted**. *Id.*

7. The plaintiff's request for enforcement of voluntary dismissal [43] is **granted in part and denied in part**. The motion is **granted in part** through the issuance of the rulings in this Entry. Those rulings consist of recognizing the effect of the notice of dismissal filed on May 3, 2011, and drawing the jurisdictional curtain down from that point forward. The motion is denied to the extent that the plaintiff seeks the imposition of sanctions or related proceedings. This latter ruling is made not because the court lacks jurisdiction over the Rule 11 motion, for it does not, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-397 (1990), but because the circumstances here show only a tenacious but misguided clinging by 3SB, LLC to the lawsuit not filed.

### IV.

If the court lacks jurisdiction over a case, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). The **clerk shall close** the action on the docket.

**IT IS SO ORDERED.**

**Date:** 01/18/2012

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All electronically registered counsel